IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 36078-2009

| | | |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENTAL RIGHTS OF JOHN DOE, A CHILD UNDER 18 YEARS OF AGE. | ) ) ) ) | Boise, September 2009 Term |
| | ) | 2009 Opinion No. 123 |
| IDAHO DEPARTMENT OF HEALTH & WELFARE, | ) ) ) | Filed: October 9, 2009 |
| | ) | Stephen W. Kenyon, Clerk |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JANE DOE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, in and for Canyon County. The Hon. Stephen W. Drescher, District Judge; Hon. Gregory F. Frates, Magistrate Judge.

The judgment of the district court is <u>affirmed</u>.

Canyon County Public Defender, Caldwell, for appellant.

Honorable Lawrence G. Wasden, Attorney General, for respondent.

---

EISMANN, Chief Justice.

This is an appeal by a mother from the district court's affirmance of a judgment terminating her parental rights in her child. We affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

On May 16, 2004, Jane Doe (Mother) gave birth to a son (Child). Both of them tested positive for methamphetamine. Two days later, Child was declared in imminent danger and taken into custody. On May 19, 2004, the Department of Health and Welfare filed a petition under the Child Protective Act seeking custody, or alternatively protective supervision, of Child.

A shelter care hearing was held on May 24, 2004, at which the parties stipulated that Child would remain in the custody of the Department until the adjudicatory hearing. The adjudicatory hearing was scheduled for July 8, 2004. On that date, the parties stipulated that the Department would retain custody of Child for an indeterminate period of time not to exceed his eighteenth birthday.

The Department prepared a case plan to facilitate the reunification of Child with Mother. The case plan required Mother: (a) to obtain a substance abuse assessment, to complete any recommended counseling, to submit to random urinalysis testing, and to remain drug free; (b) to obtain and maintain safe and stable housing that would be appropriate for Child's needs; (c) to obtain employment and/or other resources in order to be able to adequately meet her and Child's needs for food, shelter, clothing, medical care, child care, and basic utilities; (d) to obtain a mental health evaluation for her depression and to follow through with any recommended treatment; (e) to visit with Child as scheduled in order to bond with him and to attend his medical appointments; and (f) to complete a parenting education class. The magistrate judge approved the case plan on August 5, 2004.

The magistrate held hearings to review the permanency plan and the case plan on December 16, 2004; on May 26, 2005; and on November 17, 2005, with Mother attending those hearings. On December 6, 2005, the Department filed a petition in this action seeking to terminate Mother's parental rights in Child. The Department gave notice that a pretrial hearing on the petition was scheduled on April 27, 2006. On that date, Mother's counsel appeared in court, but Mother did not appear. The magistrate entered her default.[1] On May 3, 2006, Mother moved to set aside the default. She appeared in court on May 25, 2006, and explained that she had missed the pretrial because her car had broken down. The magistrate then set aside the default.

On July 6, 2006, the case was set for a permanency hearing and case plan review. Mother did not appear because she was having labor pains, but her counsel was present. The

---

[1] The record does not reflect by what authority the magistrate entered Mother's default. The Idaho Rules of Civil Procedure permit the entry of default: (a) against a party whose attorney has withdrawn if the party fails to appear in person or by new counsel within twenty days (I.R.C.P. 11(b)(3)); (b) as a sanction for failing to comply with a discovery order (I.R.C.P. 37(b)(2)(C)); (c) against a party who failed to plead or otherwise defend an action as required by the rules of civil procedure, assuming that three days written notice was given if the party had appeared in the action (I.R.C.P. 55(a)(1)); and (d) against a party served with a motion to modify child custody or support

magistrate approved the case plan and the permanency plan, and he scheduled a pretrial for July 20, 2006, at 2:00 p.m.

On July 20, 2006, Mother did not appear at the pretrial hearing, but her counsel was present. The magistrate was informed that Mother had given birth to another child at her home that morning; that Mother and that child were taken to the hospital at about 4:00 a.m.; and that the child was admitted to the hospital, but mother left the hospital at about 8:10 a.m. Over objection from Mother's counsel, the magistrate again ordered that Mother's default be entered.[2]

On July 27, 2006, the magistrate issued an order approving the permanency plan. The last paragraph of that order stated, "The termination pre-trial hearing is continued to July 20, 2006 at 2:00 p.m. with Judge Gregory F. Frates. The Court orders the [Mother] to appear at the next hearing or a default termination of her parental rights to the child will be entered by the Court." On the same day, the magistrate signed a judgment terminating Mother's parental rights in Child.[3] That judgment was entered the following day.

Mother timely appealed to the district court the judgment terminating her parental rights. On January 30, 2007, the Department and Mother entered into a written stipulation stating that Mother may not have received notice of the July 20, 2006, pretrial hearing and that the case should be remanded back to the magistrate judge. Based upon that stipulation, the district judge assigned to that appeal entered an order on February 14, 2007, dismissing the appeal.

The trial on the Department's petition to terminate Mother's parental rights was scheduled for August 2, 2007. After two of the Department's witnesses testified, it notified the magistrate that it wanted to file an amended petition to terminate Mother's parental rights. The magistrate continued the remainder of the trial to September 6, 2007. The day after the trial ended, the Department filed its amended petition.

On November 8, 2007, the magistrate judge filed his memorandum decision and decree terminating Mother's parental rights in Child. Mother timely appealed to the district court, which affirmed the magistrate's judgment on December 11, 2008. Mother then timely appealed to this Court.

---

who does not file a written response within twenty days (I.R.C.P. 60(c)). None of these rules would have applied in this case.

[2] Again, the record does not reflect by what authority the magistrate ordered the entry of default.

## II. ISSUES

1. Did the district court err in holding that the magistrate judge applied the correct legal standard?

2. Did the district court err in holding that there was sufficient evidence to support the magistrate's decision?

## III. ANALYSIS

When the district court acts in its appellate capacity, we review the decision of the district court to determine whether it correctly decided the issues presented to it on appeal. *In re the Hospitalization of Daniel W.*, 145 Idaho 677, 679, 183 P.3d 765, 767 (2008).

**A. Did the District Court Err in Holding that the Magistrate Judge Applied the Correct Legal Standard?**

The first issue raised to the district court on appeal was the contention that the magistrate judge erred by applying the incorrect legal standard. Idaho Code § 16-1629(9) creates a rebuttable presumption that the Department should initiate proceedings to terminate parental rights in a child if the child "is placed in the custody of the department and was also placed in out of the home care for a period not less than fifteen (15) out of the last twenty-two (22) months from the date the child entered shelter care." In *State v. Doe*, 144 Idaho 534, 164 P.3d 814 (2007), the trial court misinterpreted this statute as creating a presumption that termination of parental rights was in the child's best interests. Mother contended on appeal to the district court that the magistrate in this case made the same mistake. The district court held that although the magistrate had inadvertently misquoted the law, he had actually applied the correct legal standard. On appeal to this Court, Mother contends that the district court erred in holding that the magistrate judge had applied the correct legal standard.

---

[3] The record does not reflect why the magistrate would give Mother written notice that "a default termination of her parental rights to the child" will be entered if she does not appear at the next hearing and, at the same time, sign the judgment terminating her parental rights.

In its decision, the magistrate made several statements indicating a misinterpretation of the presumption created by Idaho Code § 16-1629(9). Before setting forth his findings of fact, the magistrate judge wrote:

> The time standards contained in 16-1629(9) provide that when a child is placed in the department's custody and is also placed in out of home care for a period not less than fifteen out of the last twenty-two months from the date the child entered shelter care there is a presumption in favor of termination.

The magistrate's findings of fact included the following:

> [Mother] has not demonstrated that termination of her parental rights would not be in the best interests of the child or that reasonable efforts have not been provided to reunify her with her child or some other suitable relative. The statutory presumption for termination contained in Idaho Code section 16-1629(9) is applicable.

Even though the magistrate incorrectly stated the meaning of the presumption set forth in Idaho Code § 16-1629(9), the magistrate actually applied the correct legal standard. In *State v. Doe*, we vacated the order terminating parental rights because "the magistrate's interpretation of I.C. § 16-1629(9) required that Doe [the child's father] rebut a presumption that termination was in the child's best interest." 144 Idaho at 536, 164 P.3d at 816. Requiring the parent to rebut that presumption was "a violation of Doe's due process rights because the Department did not have to support its allegations by clear and convincing evidence; instead, the magistrate placed the burden on Doe to prove that the allegations were not true." In the present case, however, the magistrate required the Department to prove the allegations by clear and convincing evidence.

Prior to setting out his findings of fact, the magistrate wrote: "Unless otherwise stated, the factual statements contained herein were found by clear and convincing evidence" and "Given the fundamental right involved in the parent-child relationship, the due process clauses of the federal and state constitutions require that grounds for termination must be shown by clear and convincing evidence." In his decision, the magistrate made factual findings that supported termination. He did not base his decision upon Mother's failure to prove that her parental rights should not be terminated. In his conclusions of law, the magistrate again stated, "Given the fundamental right involved in the parent-child relationship, the due process clauses of the federal and state constitutions require that grounds for termination must be shown by clear and convincing evidence." When the magistrate's decision is read in its entirety, it is clear that his

5

decision was not based upon Mother's failure to rebut any presumption. The magistrate found that the facts upon which his decision was based had been proved by clear and convincing evidence. The district court did not err in so holding.

**B. Did the District Court Err in Holding that There Was Sufficient Evidence to Support the Magistrate's Decision?**

Mother asserted on appeal to the district court that there was insufficient evidence to justify the magistrate's decision to terminate Mother's parental rights. The district court held that the facts supported the magistrate's decision, and Mother contends on appeal that the district court erred in so holding.

Idaho Code § 16-2005(1)(b) provides that a "court may grant an order terminating the relationship where it finds that termination of parental rights is in the best interests of the child" and where "[t]he parent has neglected . . . the child."[4] The magistrate found that Mother had neglected Child, reasoning as follows:

> The evidence in this case is clear and convincing that [Mother] has neglected [Child]. [Child] was born positive for methamphetamines in May of 2004. In the past three years, [Mother] has failed to address her issues with substance abuse, mental health, parenting, employment and adequate housing and resources for [Child]. Despite the Department's efforts to assist [Mother], [she] has continued to use methamphetamines and as a result, she gave birth to another child born positive for methamphetamines.
>
> On August 5, 2004, this Court approved a Case Plan for [Mother]. [She] acknowledged through her testimony that she needed to complete the tasks listed on her Case Plan in order to be reunited with [Child]. With the exception of

---

[4] Idaho Code § 16-2002(3) contains two definitions of "neglected." Subsection (a) adopts the definition set forth in Idaho Code § 16-1602(25), which, insofar as is relevant to this case, is as follows:

> "Neglected" means a child:
>
> (a) Who is without proper parental care and control, or subsistence, medical or other care or control necessary for his well-being because of the conduct or omission of his parents, guardian or other custodian or their neglect or refusal to provide them; . . . ; or
>
> (b) Whose parents, guardian or other custodian are unable to discharge their responsibilities to and for the child and, as a result of such inability, the child lacks the parental care necessary for his health, safety or well-being; . . . .

Subsection (b) defines "neglected" as "[t]he parent(s) has failed to comply with the court's orders in a child protective act case or the case plan, and reunification of the child with his or her parent(s) has not occurred within the time standards set forth in section 16-1629(9), Idaho Code."

6

obtaining a substance abuse evaluation, [Mother] has failed to complete the tasks set out in her Case Plan. The case plan was reasonable. [Mother] understood the Case Plan. [She] had ample time to complete the Case Plan. The Department made reasonable efforts to reunite the mother and child.

The magistrate also found that termination was in the best interests of Child. The magistrate's reasoning was as follows:

> Termination is in [Child's] best interests. [He] is now three (3) years old and he has spent his entire life in foster care. Based upon [Mother's] history, it is not likely that she will be able to care for [Child] at any time in the near future. To [Mother's] credit, she is currently enrolled in treatment and is working on some of the items in her Case Plan. However, [Mother] had only been in treatment for one week at the time of the hearing. Given [Mother's] significant history with methamphetamines, she will likely have a long and difficult recovery. [Mother] has once again began [sic] treatment. If [Mother] is successful, it still would be a substantial indeterminate period of time before [she] would be able to care for [Child] and his siblings. [He] needs permanency and he can not wait any longer. [Child] has resided in the same foster home since he was two days old and [his] foster parents have shown an interest in adopting [him]. The decision to choose [Child's] foster parents as an adoptive placement remains with the Department. However, this court finds that it is in [Child's] best interests to be placed in a safe and stable home environment that is free from the dangers of substance abuse. [Mother's] history has shown that she is unable to provide this type of environment.

Citing *State v. Doe*, 144 Idaho 534, 536, 164 P.3d 814, 816 (2007), Mother argues that the magistrate did not follow Idaho's presumption that children should remain with their natural parents. That presumption is rebuttable and does not prevent termination of parental rights in appropriate circumstances.

Mother also contends that the Department acted prematurely in moving to terminate her parental rights. First, she argues that the Department should have given her more time to overcome her methamphetamine addiction. In support of that argument, she merely states that such addiction "is a problem that can be overcome" and that "the recovery can be slow." Although both of those statements are accurate, those considerations did not require the Department to give Mother more time before moving to terminate her parental rights.

The Court approved Mother's case plan on August 5, 2004. The case plan required, among other things, that Mother obtain a substance abuse assessment and complete any recommended counseling. Although Mother obtained the assessment, she did not enter

counseling until over three years later, after the termination trial had begun. The first day of the termination trial was August 2, 2007. By that date, Mother had not yet begun any substance abuse counseling. The second day of the termination trial was September 6, 2007. Mother entered counseling six days before the second day of the trial. Mother has not shown that the Department acted prematurely in moving to terminate her parental rights.

Second, Mother contends that the rebuttable presumption in Idaho Code § 16-1629(9) should be construed as requiring the Department to wait until twenty-two months have elapsed after the child has entered shelter care before deciding to file a petition to terminate parental rights. In this case, when the Department decided to pursue termination Child had been in the Department's custody and in out-of-the-home placement for a period of over fifteen months, but less than twenty-two months had elapsed since Child had entered shelter care. As mentioned above, that statute creates a presumption that the Department shall initiate a petition for termination of parental rights "if a child is placed in the custody of the department and was also placed in out of the home care for a period not less than fifteen (15) out of the last twenty-two (22) months from the date the child entered shelter care." There is nothing in the wording of the statute that could be construed as creating the presumption that Mother suggests.

The district court did not err in holding that there was sufficient evidence to support the magistrate's decision to terminate Mother's parental rights in Child.

## IV. CONCLUSION

We affirm the judgment of the district court and award costs on appeal to respondent.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.

8