# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35647

IN THE MATTER OF THE BOARD OF )
PSYCHOLOGIST EXAMINERS' FINAL ) Boise, January 2010 Term
ORDER CASE NO. PSY-P4B-01-010-002 )
RE:  DR. EILEEN WRIGHT. ) 2010 Opinion No.  7
_____ )
DR. EILEEN WRIGHT, ) Filed: January 28, 2010
)
    Petitioner-Appellant, ) Stephen W. Kenyon, Clerk
)
v. )
)
THE BOARD OF PSYCHOLOGICAL )
EXAMINERS, )
)
    Respondent. )

Appeal from the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County.  The Hon. Jeff M. Brudie, District Judge.

The decision of the district court is <u>affirmed in part and reversed in part</u>.

Edwin L. Litteneker, Lewiston, for appellant.

Naylor & Hales, P.C., Boise, for respondent.  Bruce Castleton argued.

---

EISMANN, Chief Justice.

This is an appeal from the judgment of the district court on a petition for judicial review of agency action.  The district court held that the appellant could not challenge an earlier final order of the agency and it upheld the subsequent final order.  We affirm the first holding and reverse the second.

## I.  FACTS AND PROCEDURAL HISTORY

Dr. Eileen Wright was licensed to practice psychology in Idaho on February 1, 1995, and she began working in private practice as a psychologist in 1998.  On December 10, 1999, the judge presiding over a contentious domestic relations case appointed Wright to conduct a

parenting evaluation of the parties in that case. They had been divorced on February 5, 1999, with mother being awarded sole legal custody of their two minor children due to father being a habitual perpetrator of domestic violence. The father was awarded periods of visitation with the children, and he had instituted contempt proceedings against the mother, contending that she had wrongfully denied him visitation. On April 4, 2000, Wright submitted her parenting evaluation to the judge. Her report was critical of the mother and recommended that the parents have joint legal custody of their children and that the father have increased visitation. On June 23, 2000, the judge issued an order finding the mother in contempt and adopting Wright's custody recommendations. A few months later, Wright began a sexual relationship with the father.

The mother reported Wright to the Idaho State Board of Psychologist Examiners (Board), and on May 15, 2003, it commenced disciplinary proceedings against Wright. The matter was tried before a hearing officer, who made recommended findings regarding Wright's "sexual intimacies" with the father. On April 22, 2005, the Board issued a final order ("2005 Order") adopting those findings and concluding that Wright's "actions constitute a violation of Idaho Code Sections 54-2909(d) and (e), and specifically Sections 4.07(a) and (b) of the 1992 Ethical Principles of Psychologists and Code of Conduct published by the American Psychology Association." As a result, the Board suspended Wright's license to practice psychology for five years and ordered Wright to pay, within ninety days, costs and attorney fees incurred in the sum of $17,558.61 and a fine in the amount of $1,000.00. The Board also ordered that Wright's license could be reinstated after three years if she had paid the costs, attorney fees, and fine and had complied with other listed conditions.

On August 18, 2005, the Board issued an order to show cause alleging that Wright had failed to pay, within ninety days, the sums she had been ordered to pay. It alleged, "Respondent's failure to comply with the terms of the Final Order constitutes grounds for additional discipline against Respondent's license." On September 26, 2005, the Board issued an amended order to show cause that was identical to the first order to show cause except that it added the allegation, "In addition, according to the affidavit of Allen Funk filed herein, Respondent has practiced psychology without a valid license after the date of her license suspension on April 22, 2005."

The amended order to show cause was heard by a hearing officer who made recommended findings that Wright had failed to pay the sums ordered and had continued to

2

practice psychology after her license was suspended. In a final order issued on April 19, 2006, ("2006 Order") the Board adopted the hearing officer's findings and found "[t]hat Respondent's actions in failing to pay those costs in the order and continuing to practice psychology constitutes [sic] a violation of the Final Order dated April 22, 2005." It determined that "[t]hese violations constitute grounds for additional disciplinary action against her license to practice psychology in the state of Idaho pursuant to Idaho Code Sections 54-2305 and 54-2309, and IDAPA 24.12.01.375," and it suspended her license "for a period of five (5) years from the date of this order."

On May 16, 2006, Wright filed a petition for judicial review in the district court. She sought to challenge both the 2005 Order and the 2006 Order. The district court held that Wright had not filed a timely petition for judicial review with respect to the 2005 Order and the court therefore had no jurisdiction to review that Order. The court affirmed the 2006 Order on the ground that the Board could impose the penalty as a violation of Idaho Code § 54-2310, which makes practicing psychology without a license a misdemeanor. Wright then appealed to this Court.

## II. ISSUES ON APPEAL

1. Did the district court err in holding that Wright cannot challenge the 2005 Order?
2. Did the district court err in upholding the 2006 Order?
3. Is either party entitled to an award of attorney fees on appeal?

## III. ANALYSIS

"When the district court acts in its appellate capacity, we review the decision of the district court to determine whether it correctly decided the issues presented to it on appeal." *Idaho Dept. of Health and Welfare v. Doe*, 148 Idaho 124, 126, 219 P.3d 448, 450 (2009).

### A. Did the District Court Err in Holding that Wright Cannot Challenge the 2005 Order?

Wright seeks to raise various challenges to the 2005 Order, contending that it is not based upon the record, is arbitrary and capricious, is in excess of the Board's authority, and is based upon the violation of an ethical code that is unconstitutionally vague. However, Wright did not

3

timely seek judicial review of that Order. She contends that the district court should have reviewed the Order anyway. Her entire argument on this issue in her opening brief is as follows:

> It is impossible for the Court to engage in Judicial Review of the Amended Order of the Board of April 19, 2006 without inquiry into and reviewing the original Order of the Board of April 22, 2005.
>
> If the Board has the authority to amend it's [sic] order to add additional discipline for a violation of the April 22, 2005 Order, it is appropriate for the Court to review the Order of April 22, 2005. The Board should not be heard to argue that it can enter an order and then amend the order without the entirety of the amended order being subject to review.
>
> Is the Board going to argue that the Court can only review part of the April 19, 2006 Order, only that part that is amended, suggesting that the parts of the April 22, 2005 Order incorporated in the April 19, 2006 Order are not subject to the Court's review?
>
> The Board should not be heard to argue that it can amend a prior order to provide additional discipline and then claim that the entirety of the amended order is not subject to review.
>
> Dr. Wright's substantial right in continuing to practice psychology is at risk without the Court reviewing all of the actions of the Board, particularly when the only basis found by the Board for additional discipline in April 2006 is the alleged violation of the Order of April 2005.
>
> If the Board would have filed a new proceeding intending to impose additional sanctions on Dr. Wright's ability to practice, the prior orders of the Board would not have been reviewable. However, based on the unique action of the Board to amend its prior order, Dr. Wright is entitled to this Court's review of the April 22, 2005 Order of the Board.

Other than making these assertions, Wright does not include in her opening brief any legal argument or authority supporting her contention that the district court had jurisdiction to review the 2005 Order. "We will not consider issues cited on appeal that are not supported by propositions of law, authority, or argument." *Callaghan v. Callaghan*, 142 Idaho 185, 190, 125 P.3d 1061, 1066 (2005). Although Wright does present argument and authority in her reply brief, "this Court will not consider arguments raised for the first time in the appellant's reply brief." *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004). "A reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief." *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005).

**B. Did the District Court Err in Upholding the 2006 Order?**

Wright challenges the 2006 Order by contending, "The Board does not have the authority to discipline a psychologist for not following the Board's orders." The district court affirmed the Order on the ground that the Board had authority to discipline Wright for violating Idaho Code § 54-2310.[1] The first issue is what did the Board charge Wright with violating—the 2005 Order or the statute?

The Board issued an order to show cause, which it later amended. The Board's procedures are governed by IDAPA 04.11.01.000-860, which are the Idaho Rules of Administrative Procedure of the Attorney General adopted pursuant to Idaho Code § 67-5206(2)-(4). Those rules define the pleadings in contested cases as being "applications or claims or appeals, petitions, complaints, protests, motions, answers, and consent agreements." IDAPA 04.11.01.210.[2] An order to show cause is not mentioned in the rules. The Board has also

---

[1] The statute provides:

> Any person who shall practice or attempt to offer to practice psychology, as defined in this act, without having at the time of so doing a valid, unexpired, unrevoked, and unsuspended license issued under this act shall be deemed guilty of a misdemeanor and shall be subject to a fine of not more than one thousand dollars ($1,000) or imprisonment for not more than six (6) months or both for each violation.

We express no opinion as to whether the Board has the authority to impose sanctions for a violation of Idaho Code § 54-2310 as opposed to merely considering evidence of a violation of that statute in connection with an application to obtain a license.

[2] The various types of pleadings are defined in the administrative rules as follows:

**220. APPLICATIONS/CLAIMS/APPEALS -- DEFINED -- FORM AND CONTENTS (RULE 220).**
    **01. Applications/Claims/Appeals Defined**. All pleadings requesting a right, license, award or authority from the agency are called "applications" or "claims" or "appeals."
. . . .
**230. PETITIONS -- DEFINED -- FORM AND CONTENTS (RULE 230).**
    **01. Petitions Defined**. All pleadings requesting the following are called "petitions."
    **a.** Modification, amendment or stay of existing orders or rules;
    **b.** Clarification, declaration or construction of the law administered by the agency or of a party's rights or obligations under law administered by the agency;
    **c.** The initiation of a contested case not an application, claim or complaint or otherwise taking action that will lead to the issuance of an order or a rule;
    **d.** Reconsideration; or
    **e.** Intervention.
. . . .
**240. COMPLAINTS -- DEFINED -- FORM AND CONTENTS (RULE 240).**
    **01. Complaints Defined**. All pleadings charging other person(s) with acts or omissions under law administered by the agency are called "complaints."
. . . .
**250. PROTESTS -- DEFINED -- FORM AND CONTENTS (RULE 250).**
    **01. Protests Defined**. All pleadings opposing an application or claim or appeal as a matter of right are called "protests."

5

adopted a set of rules pursuant to the authority granted it by Idaho Code § 54-2305(b). IDAPA 24.12.01.000-550. An order to show cause is not mentioned in those rules. Although the Board's orders to show cause stated that it was proceeding under "the Idaho Rules of the Administrative Procedure of the Attorney General, promulgated at IDAPA 04.11.01" and that copies of those rules "may be obtained at the Idaho State Law Library," the Board apparently failed to read those rules before issuing its orders to show cause.

Under the applicable rules, a proceeding charging the violation of a statute would constitute a complaint. "All pleadings charging other person(s) with acts or omissions under law administered by the agency are called 'complaints.'" IDAPA 04.11.01.240.01. A complaint must "[r]efer to statutes, rules, orders or other controlling law involved." IDAPA 04.11.01.240.02.c.

The amended order to show cause alleged:

> On April 22, 2005, a Final Order was entered against Respondent in this case whereby Respondent's license was suspended for five years with two years stayed conditioned upon her compliance with the Final Order. A true and correct copy of the April 22, 2005, Final Order is attached hereto as Exhibit 1. In addition, Respondent was ordered to pay $17,558.61 in investigative costs and attorney fees and a $1,000.00 administrative fine, for a total of $18,558.61, within 90 days of entry of the Board's Order, or by July 21, 2005. According to the Affidavit of Budd Hetrick filed herein, Respondent has failed to pay any portion of the $18,558.61 she was ordered to pay. Respondent's failure to comply with the terms of the Final Order constitutes grounds for additional discipline against Respondent's license. In addition, according to the Affidavit of Allen Funk filed

----

. . . .

**260. MOTIONS -- DEFINED -- FORM AND CONTENTS -- TIME FOR FILING (RULE 260).**
    **01. Motions Defined.** All other pleadings requesting the agency to take any other action in a contested case, except consent agreements or pleadings specifically answering other pleadings, are called "motions."

. . . .

**270. ANSWERS -- DEFINED -- FORM AND CONTENTS -- TIME FOR FILING (RULE 270).**
All pleadings responding to the allegations or requests of applications or claims or appeals, complaints, petitions, protests, or motions are called "answers."

. . . .

**280. CONSENT AGREEMENTS -- DEFINED -- FORM AND CONTENTS (RULE 280).**
    **01. Consent Agreements Defined**. Agreements between the agency or agency staff and another person(s) in which one (1) or more person(s) agree to engage in certain conduct mandated by statute, rule, order, case decision, or other provision of law, or to refrain from engaging in certain conduct prohibited by statute, rule, order, case decision, or other provision of law, are called "consent agreements." . . . .

herein, Respondent has practiced psychology without a valid license after the date of her license suspension on April 22, 2005.

Accordingly, pursuant to title 54, chapter 23, Idaho Code, and of the duly promulgated rules of the Idaho State Board of Psychologist Examiners, Respondent is hereby notified and requested to appear before the Board, or its duly appointed hearing officer, . . . to show cause, if any, why the Board should not impose additional disciplinary action, which may include further suspension or revocation of Respondent's license.

There is no allegation in the amended order to show cause that Wright violated Idaho Code § 54-2310. The only contention is that she failed to comply with the 2005 Order. That is how the hearing officer construed the amended order to show cause.

Wright argued to the hearing officer that the proceedings were in the nature of contempt proceedings and that the Board did not have statutory authority to institute contempt proceedings. In rejecting that argument, the hearing officer wrote in her conclusions of law, "*This action* is not a contempt action, but rather *is an enforcement action for further disciplinary sanctions for noncompliance with the Final Order.*" (Emphasis added.) The hearing officer's reference to possible "further disciplinary sanctions" was to the fact in the 2005 Order the Board had suspended Wright's license for five years, with two years of that suspension stayed upon the condition that Wright comply with the Order. The Order provided, "If Respondent fails to comply with the terms of her probation and this Order, the two (2) year stayed license suspension shall be immediately imposed by the Board after notice and an opportunity to be heard."

In its 2006 Order, the Board ordered "[t]hat the Hearing Officer's Findings of Fact and Conclusions of Law are hereby adopted and incorporated herein by reference." Thus, the Board adopted the hearing officer's conclusion of law that this was "an enforcement action for further disciplinary sanctions for noncompliance with the Final Order." That is consistent with the fact that the order to show cause, the amended order to show cause, and the 2006 Order all have the same Board case number as the 2005 Order. That is also consistent with the language of the 2006 Order stating that Wright's failure to pay the sums of money and continuing to practice psychology constituted a violation of the 2005 Order. It held:

That Respondent's actions in failing to pay those costs in the order and continuing to practice psychology *constitutes a violation of the Final Order dated April 22, 2005.* These violations constitute grounds for additional disciplinary action against her license to practice psychology in the state of Idaho pursuant to Idaho Code Sections 54-2305 and 54-2309, and IDAPA 24.12.01.375.
(Emphasis added.)

7

In its 2005 Order, the Board imposed a five-year suspension commencing on April 22, 2005, with two years of that suspension stayed. In its 2006 Order, the Board did not purport to merely impose the two years of the suspension that had been stayed. Rather, the Board imposed a new five-year license suspension commencing on April 19, 2006. The Board's action either extended Wright's suspension for three years (if the two years stayed in the original suspension were not imposed) or for one year. Thus, the next issue is whether the Board has the authority to impose a new sanction for violating its prior order.[3]

"An administrative agency is a creature of statute, limited to the power and authority granted it by the Legislature . . . ." *Welch v. Del Monte Corp*., 128 Idaho 513, 514, 915 P.2d 1371, 1372 (1996). Idaho Code § 54-2305(d) authorizes the Board "[t]o conduct hearings upon complaints concerning violations of the provisions of, and the rules adopted pursuant to, this chapter and cause the prosecution and enjoinder of all such violations." Idaho Code § 54-2309(d) provides that "a license previously issued may be revoked, suspended, restricted or otherwise disciplined if . . . the person licensed be: Found by the board to be in violation of any provision of this chapter or any of the rules adopted pursuant to this chapter." IDAPA 24.12.01.375, adopted by the Board, provides that for a violation of Idaho Code § 54-2309, the Board may impose a fine and costs and fees incurred in investigating and prosecuting the violation. There is no provision of Chapter 23, Title 54, Idaho Code or of any rule adopted by the Board that authorizes "additional disciplinary action" for violating an order issued by the Board.

The Board does not contend on appeal that it had the authority to impose a new sanction for violating its order. Rather, it argues, "The Board rested not upon its own Order, but upon state statute—I.C. § 54-2310—in finding a violation in Appellant's actions." This argument is clearly not supported by the record.

**C. Is Either Party Entitled to an Award of Attorney Fees on Appeal?**

---

[3] We express no opinion as to whether the Board has the authority to impose probationary conditions on a suspended license, as opposed to merely suspending or revoking a license and announcing conditions that must be complied with before it will consider an application to issue or renew a license.

Both Wright and the Board seek an award of attorney fees on appeal pursuant to Idaho Code § 12-117(1). That statute provides:

> Unless otherwise provided by statute, in any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

In this case, both parties have prevailed in part on appeal. Wright successfully challenged the 2006 Order, but failed in her challenge to the 2005 Order. Conversely, the Board successfully defended its 2005 Order, but not its 2006 Order. Therefore, because both parties have prevailed in part on appeal, neither of them is the prevailing party. *Keller v. Inland Metals All Weather Conditioning, Inc*., 139 Idaho 233, 241, 76 P.3d 977, 985 (2003).

## IV. CONCLUSION

We affirm the district court's holding that it had no jurisdiction to review the 2005 Order and we reverse the judgment of the district court upholding the 2006 Order. We do not award either party costs or attorney fees on appeal.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.