IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 43147-2015

MEDICAL RECOVERY SERVICES, LLC, )
an Idaho limited liability company, )              Boise, August 2016 Term
                                    )
      Plaintiff-Appellant,          )              2016 Opinion No. 89A
                                    )
v.                                  )              Filed: September 27, 2016
                                    )
ALLISON OLSEN and NATHAN OLSEN,     )              Stephen W. Kenyon, Clerk
wife and husband,                   )
                                    )              __AMENDED OPINION__
      Defendants-Respondents.       )              THE COURT'S PRIOR
                                    )              OPINION DATED SEPTEMBER
                                    )              9, 2016 IS HEREBY AMENDED.
                                    )

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, in and for Bonneville County.  Hon. Bruce L. Pickett, District Judge; Jason D. Walker, Magistrate Judge.

The appellate decision of the district court is reversed.

Bryan N. Zollinger, Smith, Driscoll & Associates, PLLC, argued for appellant.

Stephen D. Hall, Peterson, Moss & Hall, Idaho, Falls, argued for respondents.

_____

EISMANN, Justice.

This is an appeal out of Bonneville County from an appellate decision of the district court upholding a decision by the magistrate court that an agreement to pay a judgment impliedly included an agreement to waive any claim for an award of post-judgment costs and attorney fees. We reverse the decision of the district court.

## I.
## Factual Background.

On February 3, 2011, Medical Recovery Services, LLC ("the Collection Agency"), filed this action in magistrate court against Allison and Nathan Olsen (collectively "Defendants") to

recover on two entities' unpaid medical bills totaling $2,763.27, plus prejudgment interest in the sum of $625.29, attorney fees in the sum of $1,185.99, and $88.00 in court costs, for a total $4,662.55. On March 13, 2012, the parties stipulated that the Collection Agency could recover a judgment against the Defendants in the sum of $4,973.46 and that it would forbear executing on the judgment if the Defendants paid $100 per month between the 25th and 30th of each month until the judgment was paid. On March 16, 2012, the court entered a judgment providing that the Collection Agency could recover from the Defendants the sum of $4,973.46.

The Defendants failed to make any payment on the judgment, and the Collection Agency attempted to execute on the judgment. The Collection Agency sought to execute on the Defendants' bank account, but the account had been closed. The Collection Agency then sought a continuing garnishment to obtain Mr. Olsen's disposable earnings from Petersen, Moss, Hall & Olsen, but that garnishment was returned unsatisfied because "Defendant is a partner in the firm, not an employee." The Collection Agency also sought to execute on Mr. Olsen's partnership interest, but the writ was returned unsatisfied because Mr. Olsen's equity in the partnership was stated to be zero.

The Collection Agency then sought to depose Stephen D. Hall, the partner in the law firm who had signed the responses to the writs of garnishment. The Collection Agency agreed to forgo taking his deposition if Mr. Hall would make $250 bi-monthly payments until the judgment was paid in full. Mr. Hall made those payments, and on the final check he wrote on the memo line "Allison and Nathan Olsen judgment" and "Payment in Full."[1] Upon receipt of the check, Bryan D. Smith, Collection Agency's counsel, called him and stated that the check would not be accepted with "Payment in Full" written on it because the Collection Agency intended to seek post-judgment attorney fees incurred in attempting to collect on the judgment. Mr. Hall agreed that those words could be stricken from the check and that the Collection Agency could negotiate the check as if those words were not there. Mr. Hall asked Collection Agency's counsel if he would execute a satisfaction of judgment, and he refused to do so on the ground that he would be seeking post-judgment attorney fees.

On March 7, 2014, the Defendants filed a motion seeking to compel the Collection Agency to record a satisfaction of judgment in every county in which it had recorded the

---

[1] During oral argument, Mr. Hall stated that he was acting as counsel for the Olsens and that he did not personally pay any of the money.

judgment. One week later, the Collection Agency filed an application for an award of post-judgment attorney fees incurred in attempting to collect on the judgment. The motions were argued, and the magistrate court granted the Defendants' motion and denied the Collection Agency's motion. It held in its oral ruling that "I think there's no question that 12-120(5) does grant additional attorney's fees for efforts to collect on a judgment." However, the magistrate ruled that the Collection Agency should be estopped from seeking post-judgment attorney fees because "there was an agreement reached how to satisfy that judgment" and if the Collection Agency "was going to ask for additional attorney's fees, the time to have done that would have been at the time of the making of that oral agreement."

The Collection Agency filed a motion for reconsideration. After briefing and argument, the magistrate denied the motion. The magistrate held that the oral agreement between Mr. Hall and the Collection Agency's counsel was for "satisfaction of the debt" and the Collection Agency "agreed to allow payments to satisfy the then existing judgment as satisfaction of the debt."

The Collection Agency appealed to the district court, which upheld the ruling of the magistrate court. The district court held that the magistrate's determination that the oral agreement was to satisfy "the debt" which included any sums that the Defendants may owe including a post-judgment award of attorney fees was supported by substantial and competent evidence. The Collection Agency then appealed to this Court.

## II.
### Did the District Court Err in Upholding the Ruling of the Magistrate Court?

"When the district court acts in its appellate capacity, we review the decision of the district court to determine whether it correctly decided the issues presented to it on appeal." *Idaho Dep't of Health & Welfare v. Doe*, 148 Idaho 124, 126, 219 P.3d 448, 450 (2009). The district court identified the facts being in dispute as follows:

> 1. The agreement that if Hall and his firm paid a certain amount, and paid off the debt, that would satisfy the debt and resolve the issues.
> 2. At the time the agreement was made for the satisfaction of the debt, everything was known to Medical Recovery Services, and they agreed to allow payments to satisfy the then existing judgment as satisfaction of the debt.

3

The district court acknowledged, "Both parties acknowledge that supplemental attorney's fees were never discussed in the oral agreement between Mr. Smith and Mr. Hall." The court stated that the magistrate "held the agreement was based on resolving all of Olsen's debt issues that related to the debt owed to [the Collection Agency]." The district court concluded, "Judge Walker's rationale that the agreement included the entire debt with supplemental fees is reasonable given the fact that Mr. Smith knew MRS's [Plaintiff's] attorneys had completed work for the purpose of collecting on the debt owed by the Olsens, prior to the time the new debt payment agreement was made." In so ruling, the district court erred.

The evidence before the magistrate was the affidavits of Mr. Hall and Mr. Smith. In his affidavit, Mr. Hall stated with respect to the oral agreement:

> 3. In March 2013 [the Collection Agency] sought to take my deposition in this matter. New discussions resulted, in which [the Collection Agency] agreed to forgo taking my deposition in exchange for my promise to make two $250 payments regularly until the judgment had been paid in full. I have substantially honored that agreement since that time, the first payment having been made March 29, 2013, and the last payment having been made yesterday, March 6, 2014.

Mr. Hall was clear in his affidavit. The oral agreement made in March 2013 was "to forgo taking my deposition in exchange for my promise to make two $250 payments regularly until the *judgment* had been paid in full." (Emphasis added.) The only judgment was the judgment for $4,973.36 that had been entered one year earlier on March 16, 2012. That judgment did not include post-judgment attorney fees. Mr. Hall also stated in his affidavit that during his conversation with Mr. Smith on March 6, 2014, "I agreed that we had never discussed post-judgment fees in our discussions." Mr. Smith also stated in his affidavit, "On or about March 6, 2014, after receiving a payment with the notation PIF [paid in full], I spoke with Stephen Hall and confirmed with him that we had never discussed not seeking supplemental attorney fees as part of our agreement to vacate the deposition and accept voluntary payments."

Thus, the record is absolutely clear that the oral agreement was to pay in full the judgment entered on March 16, 2012, and that there was never any agreement to waive any claim for post-judgment attorney fees. Under the law, no such agreement could be inferred from the failure to discuss it.

"In every contract there exist not only the express promises set forth in the contract but all such implied provisions as are necessary to effectuate the intention of the parties, and as arise

from the specific circumstances under which the contract was made." *Davis v. Prof'l Bus. Servs., Inc.*, 109 Idaho 810, 813, 712 P.2d 511, 514 (1985). Terms cannot be inferred into a contract merely because the court believes they are reasonable. *Archer v. Mountain Fuel Supply Co.*, 102 Idaho 852, 857, 642 P.2d 943, 948–49 (1982). The terms can be implied only if they were "necessarily involved in the contractual relationship so that the parties must have intended them and have only failed to express them because of sheer inadvertence or because they are too obvious to need expression." *Id.* at 857–58, 642 P.2d at 948–49 (quoting from 17 Am. Jur. 2d *Contracts* § 255 at 651 (2d ed. 1964)).

The magistrate court inferred into the oral agreement between the Collection Agency and Mr. Hall that the promised payments were not just to pay the $4,973.36 judgment in full, but they were to resolve all issues between the Collection Agency and the Defendants, including any claim for post-judgment attorney fees. The oral agreement, as stated by Mr. Hall, was for the Collection Agency "to forgo taking my deposition in exchange for my promise to make two $250 payments regularly until the judgment had been paid in full." The record is absolutely clear that the oral agreement in this case was simply to forgo taking Mr. Hall's deposition if he would make bi-monthly payments of $250 until the judgment entered against the Defendants on March 16, 2012, was paid in full. That judgment did not include a right to an award of post-judgment attorney fees, and that issue was never discussed. The provision for awarding post-judgment attorney fees and costs in attempting to collect a judgment was added to Idaho Code section 12-120 in 1994. Ch. 353, § 1 1994 Idaho Sess. Laws 1113, 1113. Mr. Hall knew of that statutory provision, and if he wanted the issue of post-judgment attorney fees to be included in the oral contract, he should have raised that issue. He did not, even though he knew that the Collection Agency had incurred costs and attorney fees in attempting to collect on the judgment. A waiver of the Collection Agency's right to seek an award of post-judgment attorney fees could not reasonably be considered as being necessary to effectuate the intention of the parties expressed in their oral agreement.

In *Straub v. Smith*, 145 Idaho 65, 175 P.3d 754 (2007), the defendants signed a stipulation prepared by the Collection Agency to dismiss the lawsuit with prejudice. *Id.* at 67, 175 P.3d at 756. The stipulation did not mention court costs or attorney fees. *Id.* The district court entered an order dismissing the action with prejudice, with each party to bear their own court costs and attorney fees, and the defendants appealed. On appeal, we rejected the Collection

Agency's argument that there is "an implicit waiver of costs and fees if a defendant signs a stipulation to dismiss a case pursuant to I.R.C.P. 41(a)(1)(ii), unless in the stipulation the parties expressly reserve the right to later determine an award of costs and fees." *Id.* at 69, 175 P.3d at 758. The basis of our rejection was that the stipulation was a contract, the intent of the parties must be ascertained from the language of their agreement, the stipulation was silent on the issue of court costs and attorney fees, and there was nothing to indicate that the defendants' silence indicated an intent to waive their right to seek an award of court costs and attorney fees. *Id.*

The magistrate court changed the parties' oral agreement to be what the court believed was reasonable. "[C]ourts do not possess the roving power to rewrite contracts in order to make them more equitable." *Howard v. Perry*, 141 Idaho 139, 143, 106 P.3d 465, 469 (2005). The magistrate court's change of the parties' oral agreement was not supported by the undisputed facts or by the law. Therefore, the district court erred in upholding the decision of the magistrate court.

### III.
### Is Either Party Entitled to an Award of Attorney Fees on Appeal?

Both parties seek an award of attorney fees on appeal. The Defendants seek an award of attorney fees pursuant to Idaho Code section 12-121. "In order to be eligible for an award of attorney fees under Idaho Code section 12-121, the party must be the prevailing party on appeal." *Armand v. Opportunity Mgmt. Co., Inc.*, 155 Idaho 592, 602, 315 P.3d 245, 255 (2013). Because the Defendants are not the prevailing parties on appeal, they are not entitled to an award of attorney fees under that statute.

The Collection Agency seeks an award of attorney fees under Idaho Code sections 12-120(1), (3) and (5). Because it only discussed section 12-120(5) in the argument section of its brief, the applicability of sections (1) and (3) will not be addressed. *Ramerth v. Hart*, 133 Idaho 194, 198, 983 P.2d 848, 852 (1999).

Idaho Code section 12-120(5) states:

> In all instances where a party is entitled to reasonable attorney's fees and costs under subsection (1), (2), (3) or (4) of this section, such party shall also be entitled to reasonable postjudgment attorney's fees and costs incurred in attempting to collect on the judgment. Such attorney's fees and costs shall be set by the court following the filing of a memorandum of attorney's fees and costs with notice to all parties and hearing.

In order for this section to apply, the Collection Agency must have been entitled in the underlying lawsuit to an award of attorney fees under subsections (1), (2), (3), or (4) of Idaho Code section 12-120(5). The Collection Agency's only argument in its opening brief regarding the applicability of this statute is as follows, "Here, MRS is entitled to attorney's fees under Idaho Code Section 12-120(5) for its postjudgment attorney's fees incurred in attempting to collect on the judgment." There is no argument, much less any citation to the record, showing that in the underlying lawsuit the Collection Agency was entitled to an award of attorney fees under subsections (1), (2), (3), or (4) of section 12-120(5). Because there is no argument as to why this statute is applicable, the Collection Agency is not entitled to an award of attorney fees under the statute. *Armand*, 155 Idaho at 602, 315 P.3d at 255.

## IV.
## Conclusion.

We reverse the appellate decision of the district court and remand this case for further proceedings consistent with this opinion. We award the Appellant costs, but not attorney fees, on appeal.

Chief Justice J. JONES and Justices BURDICK, W. JONES and HORTON **CONCUR.**