# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 32732

IN THE INTEREST OF: JANE DOE, A )
CHILD UNDER EIGHTEEN YEARS OF )
AGE. )
-------------------------------------------------------------- )　　　**Boise, May 2007 Term**
STATE OF IDAHO, and CASA, )
　　　　　　　　　　　　　　　　　　 )　　　**2007 Opinion No. 96**
　　　Petitioners-Respondents, )
　　　　　　　　　　　　　　　　　　 )　　　**Filed: July 2, 2007**
v. )
　　　　　　　　　　　　　　　　　　 )　　　**Stephen W. Kenyon, Clerk**
JOHN DOE, )
　　　　　　　　　　　　　　　　　　 )
　　　Respondent-Appellant. )

Appeal from the District Court of the First Judicial District of the State of Idaho, Bonner County. Honorable Steven C. Verby, District Judge. Honorable Barbara A. Buchanan, Magistrate Judge.

The decision of the district court is <u>vacated and remanded</u>.

Valerie Parr Thornton, Sandpoint, for appellant.

Honorable Lawrence G. Wasden, Attorney General; Cheri L. Bush, Deputy Attorney General, Boise, for respondents.

---

SCHROEDER, Chief Justice.

This is an appeal following the termination of the parental rights of John Doe.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

John Doe ("Doe") and the mother of Baby Doe were roommates with separate friends and activities. The mother discovered she was pregnant in her third trimester. She insisted that John Doe was not the father. When she had the baby in April 2003, the mother admitted to doing methamphetamines and marijuana. Child Protective Services let her take the child home, but two weeks later tests came back positive for marijuana and methamphetamine in the baby's system and the state put the child in foster care. The mother worked at being drug free for

several months.  She married John Doe and they were attempting to gain custody of the child with Doe as the putative father.  From the notes at this stage, it appears that all efforts were focused on reuniting the child with the mother.

The mother eventually grew weary of being drug free.  She left Doe and gave up her parental rights to Baby Doe in January 2004.  At that point the court ordered DNA testing to determine whether Doe was the father.  After his paternity was established in February 2004, Doe attempted to gain custody on his own.  A case plan was enacted, almost identical to the case plan that Doe and the mother had signed, that required Doe to: (1) attend some of the baby's medical appointments; (2) remain drug free and submit to testing two times a week; (3) obtain substance abuse evaluation and complete recommended treatment; (4) attend a parenting class and counseling; (5) find a job to demonstrate that he could support the child; and (6) find adequate housing.  Doe worked toward completing these requirements.

The court held a termination hearing in September of 2004.  The court terminated Doe's parental rights holding that Doe had abused and neglected his child.  Doe appealed the magistrate court's decision to the district court.  The district court affirmed the magistrate court's decision terminating Doe's parental rights.  Doe appeals to this Court.  There are a number of issues raised.  However, there is one dispositive issue.

## II.
## STANDARD OF REVIEW

When reviewing a decision rendered by the district court sitting in its appellate capacity, this Court considers the record before the magistrate court independently of the district court's determination, giving due regard to the district court's analysis.  *CASI Found., Inc. v. Doe*, 142 Idaho 397, 399, 128 P.3d 934, 936 (2006).  In an action to terminate parental rights where a trial court has noted explicitly and applied a clear and convincing standard, an appellate court will not disturb the trial court's findings unless they are not supported by substantial and competent evidence.  *Id.*  Substantial competent evidence is "evidence as a reasonable mind might accept as adequate to support a conclusion."  *State v. Doe*, 143 Idaho 343, 345-46, 144 P.3d 597, 599-600 (2006) (quoting *Folks v. Moscow Sch. Dist. No. 281*, 129 Idaho 833, 836, 933 P.2d 642, 645 (1997)).

2

**III.**
**THE TRIAL COURT DID NOT APPLY THE CORRECT LEGAL STANDARD**

Generally the Court will not consider on appeal any issues that are not raised by the parties. *State, Dept. of Health & Welfare v. Housel*, 140 Idaho 96, 100, 90 P.3d 321, 325 (2004). At times the Court has made exceptions for certain issues in certain types of cases. *See Roe Family Servs. v. Doe*, 139 Idaho 930, 934-35, 88 P.3d 749, 753-54 (2004) (a magistrate judge failed to apply the correct law to the facts in a termination case); *Housel*, 140 Idaho at 100, 90 P.3d at 325 (where magistrate's modification of a support order raised two issues not addressed by the Department the Court gave notice of its concerns and afforded the parties an opportunity to respond); *Crane Creek Country Club v. City of Boise*, 121 Idaho 485, 487, 826 P.2d 446, 448 (1990) (Bakes, C.J., specially concurring) (an issue not raised in the trial court or on appeal may be addressed when plain or fundamental error exists). Fundamental error, as defined in criminal cases, is error which "so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his constitutional right to due process." *State v. Sheahan*, 139 Idaho 267, 281, 77 P.3d 956, 970 (2003). While this is not a criminal case, the magistrate court's error in applying the incorrect standard affects Doe's fundamental right to raise his own child and violates the due process clause of the Fourteenth Amendment.

According to the magistrate court, Idaho Code § 16-1623(i) (redesignated in 2005 as 16-1629(9)), creates a rebuttable presumption that termination of the parent-child relationship is in a child's best interest where the child has been in the Department's custody and placed out of the home for more than fifteen of the past twenty-two months. However, that is not an accurate characterization of the law. That statute states:

> There shall be a rebuttable presumption that if a child is placed in the custody of the department and was also placed in out of the home care for a period not less than fifteen (15) out of the last twenty-two (22) months from the date the child entered shelter care, the department shall initiate a petition for termination of parental rights. This presumption may be rebutted by a finding of the court that the filing of a petition for termination of parental rights would not be in the best interests of the child or reasonable efforts have not been provided to reunite the child with his family, or the child is placed permanently with a relative.

I.C. § 16-1629(9). This merely creates a presumption in favor of the department initiating a termination petition when a child has been in the state's custody and not in the parent's care for fifteen out of twenty-two months. It does not create a presumption that it is in the best interests

3

of the child to terminate parental rights. The statute should have had no bearing on the court's decision in this case, but the magistrate court used its interpretation of this section in making its findings: "[t]he [magistrate] court begins its analysis with the presumption that termination of [Doe]'s parental rights is in [the child]'s best interest."

The presumption applied by the magistrate court does not follow the United States Supreme Court ruling in *Santosky v. Kramer*, 455 U.S. 745, 747-48, 102 S.Ct. 1388, 1391-92 (1982), which held that "[b]efore a State may sever completely and irrevocably the rights of parents in their natural child, due process requires that the State support its allegations by at least clear and convincing evidence." Instead of requiring the Department to prove its case, the magistrate's interpretation of I.C. § 16-1629(9) required that Doe rebut a presumption that termination was in the child's best interest with evidence that termination was not in the best interests of the child and reasonable efforts to reunite them had not been made by the Department. According to *Santosky*, this is a violation of Doe's due process rights because the Department did not have to support its allegations by clear and convincing evidence; instead, the magistrate placed the burden on Doe to prove that the allegations were not true.

The magistrate's misinterpretation of I.C. § 16-1629(9) also does not follow Idaho's longstanding presumption that a natural parent should have custody of his children. *Roe Family Servs. v. Doe*, 139 Idaho at 937, 88 P.3d at 756. The magistrate court's construction of the statute reverses that presumption. It looked at the facts with the presumption that termination was in the child's best interest. Rather than having a presumption that raising his child was in the child's best interests, Doe was required to rebut the opposite presumption. Doe had to prove that termination was not in the child's best interests and that reasonable efforts had not been made rather than the state having the burden to prove that the reverse was true.

Application of the incorrect burden infected the trial and does not constitute harmless error. A remand for proceedings applying the correct legal standard is necessary.

## IV.
## CONCLUSION

The order terminating parental rights is vacated and the case remanded for further proceedings.

Justices TROUT, EISMANN, BURDICK and JONES **CONCUR**.

4