**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38324**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 391** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: March 6, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SALENA CLAYTON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment of conviction and sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Salena Clayton appeals from her conviction for injury to children, felony, Idaho Code § 18-1501(1). Clayton challenges the no contact order precluding her from contact with her children on the grounds that the order did not contain a termination date and that the order constituted an unconstitutional interference with her rights as a parent. For the reasons set forth below, we affirm.

## I.

## PROCEDURAL AND FACTUAL BACKGROUND

Clayton was indicted on two counts of felony injury to children and two counts of felony witness intimidation. Clayton has three children that are involved in this case: A.R.C., A.C., and A.D. The indictments arose from Clayton's child, A.R.C., reporting to police that Clayton had sexually, emotionally, and physically abused her for several years. Similar abuses were reported

1

by A.C. as well. Both children also reported that Clayton threatened them with physical harm if they reported her.

Pursuant to a plea agreement, Clayton pled guilty to one count of felony injury to a child. In return, the State agreed to dismiss the remaining charges and to ask for a suspended ten-year sentence, no contact between Clayton and the two children that reported her, and supervised contact between Clayton and her youngest child, A.D. At the sentencing hearing, the district court imposed a unified ten-year sentence with three years determinate, suspended the sentence, and placed Clayton on probation for ten years. In addition, the district court entered a term of probation precluding Clayton from contacting her children and entered a no contact order precluding contact with the children. The district court amended the no contact order on August 12, 2011, to include a termination date of November 8, 2020, coinciding with the scheduled termination of Clayton's period of probation. Clayton timely appealed.

## II.

## DISCUSSION

Clayton first claims that the no contact order is invalid because the district court failed to issue the order with a termination date. Clayton is correct in noting that the Idaho Supreme Court has held:

> The language of amended I.C.R. 46.2, requiring inclusion of a termination date in no contact orders, serves important public interests. In the future, in all cases which come before the trial courts of this state for hearing on a motion to modify or terminate a no contact order entered prior to July 1, 2004, we expect judges to provide a termination date, regardless of whether the motion to modify or terminate the no contact order is granted.

*State v. Castro*, 145 Idaho 173, 176, 177 P.3d 387, 390 (2008). However, since the time Clayton filed her brief, the district court amended the no contact order to expire on November 8, 2020. The judicial relief that Clayton sought, a remand to the district court to enter a no contact order with an expiration date, can no longer be granted. The amendment therefore has rendered this issue moot. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010) (holding that an issue is moot if no judicial relief can be granted).

The only remaining issue is whether the no contact order unconstitutionally interferes with Clayton's fundamental right as A.D.'s parent. A parent's fundamental right to parent his/her children is well established in Idaho. *See State v. Doe*, 144 Idaho 534, 536, 164 P.3d

2

814, 816 (2007); *Leavitt v. Leavitt*, 142 Idaho 664, 670, 132 P.3d 421, 427 (2006). The interest of "parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by" the United States Supreme Court. *Troxel v. Granville*, 530 U.S. 57, 65 (2000). This interest "does not evaporate simply because they have not been model parents . . . . Even when blood relationships are strained, parents retain a vital interest in preventing the irretrievable destruction of their family life." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). Clayton argues that the State "may not interfere with the exercise of the fundamental rights of a parent absent clear and convincing proof that the State's action is necessary for the protection or best interests of the child."

Even accepting the standard that Clayton argues, the district court did not err in issuing the no contact order. On appeal from a decision requiring clear and convincing proof, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The substantial evidence test requires a greater quantum of evidence in cases where the trial court finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006).

There was substantial and competent evidence in the record to support the district court's decision to issue the no contact order. Clayton's psychosexual evaluation indicated that she "repeatedly traumatized her children," walked around the house naked in front of the youngest child, and failed to provide her children with proper education. The evaluation also noted that Clayton fails to take responsibility for any of her actions or understanding "what her children have experienced at her hands over the past several years." Clayton was described as either lying to avoid responsibility for her acts or suffering from a "greatly distorted sense of reality." The district court noted the record established that Clayton has "virtually no capacity to parent" and her children are at an "extremely high risk for continued abuse should they have any contact with [Clayton]."

With all facts considered, forbidding all contact between Clayton and her youngest child is reasonably necessary to prevent future harm to the child. The youngest child has already

3

suffered delays in academic and social development. The child has also experienced anxiety after the supervised visits with Clayton. Moreover, Clayton has previously been afforded the relief that she seeks--supervised visits with her youngest child. During one of those visits, the session was ended prematurely on the basis that Clayton was acting inappropriately with the child. Preventing contact between Clayton and her youngest child is in the child's best interest, particularly since Clayton has a history of abusing her other children. The district court did not err by issuing the no contact order preventing Clayton from communication with her youngest child.

## III.

## CONCLUSION

Clayton's claims as to the no contact order regarding the two older children have been rendered moot by the amendment of the order by the district court to include a termination date. As for Clayton's claim that the no contact order violated her fundamental right to parent her youngest child, the district court did not err as there was substantial and competent evidence in the record to support the issuance of the no contact order. We affirm.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**