# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51694

| | | |
|---|---|---|
| In the Matter of Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) ) | Filed: June 28, 2024 |
| Petitioner-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| JOHN DOE (2024-14), | ) ) | |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, affirmed.

Anthony R. Geddes, Chief Ada County Public Defender; Joshua M. Wickard, Deputy Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Peter A. Mommer, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

John Doe (2024-14) appeals from the judgment terminating his parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The minor child in this case was placed in foster care after the child and mother each tested positive for methamphetamine and barbiturates at the time of the child's birth on June 22, 2023. The mother admitted to actively using methamphetamine during the pregnancy.

A petition for hearing under the Child Protective Act was filed on June 23, 2023. A shelter care hearing was held, and the magistrate court awarded temporary legal custody of the child to the Idaho Department of Health and Welfare (Department). An expedited permanency

1

hearing was held, and the magistrate court approved the permanency goal of termination of parental rights and subsequent adoption. The Department filed a petition for termination of the parent-child relationship against the mother and identified Doe as the father of the child. A trial was held on the petition regarding the child's mother's parental rights, which concluded in a decree terminating her parental rights. The Department filed an amended petition adding Doe to the Child Protective Act case. A trial was held on the amended petition regarding Doe's parental rights. Doe appeared via video conference for a portion of the case and provided testimony. The case manager and guardian ad litem for the child each testified that termination of Doe's parental rights is in the best interests of the child.

Doe has been incarcerated since March 2023 on four federal counts of distribution of methamphetamine. Doe was sentenced to fifty-seven months in federal prison and is scheduled to be released in late 2027. Doe has never met the child.

The magistrate court issued a written order and found that the state presented clear and convincing evidence that conditions exist to terminate Doe's parental rights on the grounds that he is incarcerated and is likely to remain incarcerated for the early formative years of the child's life. Idaho Code § 16-2005(1)(e).[1]  Further, the magistrate court found that it would be in the child's best interests for Doe's parental rights to be terminated. Doe appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383,

---

[1]     Idaho Code § 16-2005(1)(e) permits termination of parental rights when it is in the best interests of the child and the "parent has been incarcerated and is likely to remain incarcerated for a substantial period of time during the child's minority." Doe does not challenge the statutory basis and, therefore, this finding is not at issue on appeal.

386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe argues that the magistrate court abused its discretion as it pertains to the second prong of the standard but fails to cite supporting authority.[2] Also, Doe states that the trial court must find by clear and convincing evidence that termination is in the best interest of the child and follows that statement with a citation to I.C. § 16-2005(1)(3). It is unclear which section Doe is citing or

---

[2]     Doe cites *In re Doe*, 156 Idaho 103, 108, 320 P.3d 1262, 1267 (2014) following his statement that termination cases are reviewed for abuse of discretion. However, this case does not support that proposition but, rather, states that a termination of parental rights will not be disturbed on appeal so long as there is substantial and competent evidence in the record to support the findings.

if he is citing both sections 1 and 3; however, subsection 3 restricts Idaho courts from terminating the parent-child relationship based on the child's immunization status, which is not argued here.[3]

This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). The Court, however, may address certain narrow issues involving due process violations despite the absence of supporting, cogent argument or citation to legal authority. *Idaho Dep't of Health & Welfare v. Doe (2017-32)*, 163 Idaho 536, 538, 415 P.3d 945, 947 (2018); *State v. Doe*, 144 Idaho 534, 535-36, 164 P.3d 814, 815-16 (2007). For example, the Idaho Supreme Court has previously addressed due process errors affecting parents' fundamental rights, including procedural errors and the application of an incorrect standard of review. *Doe (2017-32)*, 163 Idaho at 538, 415 P.3d at 947 (addressing procedural error); *Doe*, 144 Idaho at 536, 164 P.3d at 816 (addressing application of incorrect standard).

Doe's issue on appeal does not fit within that narrow scope of due process violations that this Court may address despite the absence of supporting, cogent argument or citation to legal authority; therefore, this Court need not review this appeal for its merits. However, even if we review the case on its merits, we hold that Doe's argument still fails.

On appeal, Doe does not challenge the magistrate court's finding of a statutory basis for termination. Instead, Doe only challenges the magistrate court's basis for finding that termination of his parental rights is in the best interests of the child. In particular, Doe argues that the magistrate court erred by failing to consider his assertion that he has the potential to be released from prison early due to good behavior and participation in a drug treatment program. The

---

[3]     It is necessary to address Doe's briefing. The content of Doe's brief suggests that this appeal stems from the termination of the father's parental rights. However, the briefing is inconsistent and addresses the termination of mother's parental rights in the body and in a heading. Doe's first heading in the argument section reads, "The Magistrate erred in finding that termination of the *mother's* parental rights was in the best interests of the child." (Emphasis added). Within that section, Doe states, "*Mother* asserts that the trial court abused its discretion under the second prong of this test when the Magistrate failed to follow the legal standards that applied to its exercise of discretion." (Emphasis added). However, the Appellant in this case is the father, John Doe, and the remainder of the brief refers to his criminal history and testimony at trial, not the mother's.

Department argues that the magistrate court did not err because it explicitly considered Doe's testimony regarding early release. The magistrate court found that the remaining four years of Doe's sentence is a substantial period during the child's minority. When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 957, 277 P.3d 400, 404 (Ct. App. 2012).

The magistrate court considered several factors when determining what is in the best interests of the child. The magistrate court found that the child is "a vulnerable infant child that requires full-time around the clock parenting," and because of Doe's "criminal choices and the resulting consequences," he has "made himself unavailable to be that parent." The magistrate court also considered that when Doe previously regained custody of his now adult son, Doe resumed using and distributing methamphetamine. The magistrate court also noted that, when the child in this case was with Doe's family, the child sustained significant injuries and was placed in a non-relative foster home where the child is "thriving" and is "a happy, bubbly little [child] who is crawling, recognizing faces, laughing, babbling and 'adores' [the] foster family." The magistrate court considered Doe's declarations that the child's birth and Doe's current incarceration influenced his desire to be stable but found that Doe would "need to demonstrate for a significant period upon his release that he can maintain in the community before it would be appropriate for reunification." Ultimately, the magistrate court decided this waiting period would extend the child's time in foster care and uncertainty in the child's life. Finally, the magistrate court found that the "actual parent-child connection as created by daily interaction and repeated demonstration to a child that they can depend on their adult caregiver to meet the child's emotional and physical needs" could not be met by Doe.

Doe argues that the magistrate court ignored relevant evidence by "failing to take into account in the best interest analysis the significant reduction to [the] federal sentence that is available to John Doe through participation in federal prison programs." As support for his argument, Doe cites *Roe*, 143 Idaho at 192, 141 P.3d at 1061, where the Idaho Supreme Court held that a magistrate court erred by ignoring or not discussing relevant evidence. The magistrate court did not make that error here. In *Roe,* the father's parental rights were terminated by the magistrate court under the statutory grounds of abandonment after the magistrate court found that father had failed to maintain a normal parental relationship with the child. *Id*. Specifically, the magistrate court found that the father did not take advantage of meaningful visitation opportunities and failed to provide reasonable financial support to the child. *Id*. at 190-91, 141 P.3d at 1059-60. The Idaho Supreme Court held that the magistrate court failed to consider that the mother moved with the child from Phoenix, Arizona--where father lived--to Lewiston, Idaho. *Id*. at 192, 141 P.3d at 1061. The father was granted supervised monthly visitation with the child in Idaho (with each visit lasting between three and six hours) and travel was at the father's expense. *Id*. at 190, 141 P.3d at 1059. Also, the magistrate court did not consider the circumstances surrounding the father's financial hardship, including debt and missing work due to injury. *Id*. at 192, 141 P.3d at 1061. The Idaho Supreme Court held that "courts cannot ignore relevant, admissible evidence of an issue the Legislature has deemed relevant to the abandonment inquiry." *Id*.

This case is distinguishable because, unlike the magistrate court in *Roe* ignoring relevant evidence, the magistrate court here discussed the length of Doe's prison sentence multiple times and specifically mentioned his testimony about the potential reduction of his sentence. The magistrate court specifically addressed Doe's testimony in the finding of facts section of its decree, which in his opening brief Doe stated, "is adequate in describing the procedural history of the case." The magistrate court found:

> [Doe] was arrested on four (4) federal counts of Distribution of Methamphetamine in March 2023. (Exhibit 4.) He has been incarcerated in Idaho county jails or Federal prisons since that time. On 9/26/23, [Doe] was sentenced to 57 months in the Federal Bureau of Prisons. (Exhibit 5.) [Doe] has served one (1) year in Federal prison with another 45 months remaining on his sentence. [Doe] is scheduled to be released in late 2027. [Doe] testified that he is qualified for a drug treatment program in the federal system called "RDAP" that can result in a reduction of his sentence. [Doe] also believes that he will be given a further reduction of his sentence due to good behavior. By his own calculation, [Doe]

believes he could be released by January 2025. [Doe] provided no proof from any federal authorities for these calculations so any release date prior to late 2027 is speculative.

Later in its decision the magistrate court again addressed the issue of Doe's length of incarceration when specifically addressing the statutory grounds for termination. The magistrate court stated:

The court finds it is likely that [Doe] will serve the bulk of his remaining sentence, keeping him in federal custody for another three (3) to four (4) years. This means [Doe] will miss the first five (5) years of [the child's] life which is a substantial period of [the child's] minority. The court is well aware that the first three (3) years of a child's life are critically important in forming the foundation of a child's emotional and physical well-being.

Doe's incarceration was central to the statutory basis for terminating his parental rights and the best interests of the child who is thriving in a foster care home that provides a safe and stable environment for the child's development.

Doe cites *In re Doe*, 157 Idaho 14, 17, 333 P.3d 125, 128 (2014) to support his assertion that, when a trial court is deciding the issue of termination, it is improper to consider whether another person would better discharge the duties of parenthood. However, Doe's citation omits necessary context. The Idaho Supreme Court states, that "the parent who has primary physical custody of the child marries someone who can be an excellent parent is not a ground for denying the other parent his or her fundamental liberty interest." *Id.* at 18, 333 P.3d at 129. Doe's reliance on this authority is misplaced because he does not cite anywhere in the record where the magistrate court considered the married partner of another parent in conjunction with terminating his parental rights. Although Doe alleges that the magistrate court erred in the same vein by terminating his parental rights "simply because another could provide for and raise the child," Doe does not allege what other person the magistrate court considered to be a better parent when terminating his parental rights.

The magistrate court's findings are supported by substantial and competent evidence and support its determination, by clear and convincing evidence, that termination of Doe's parental rights is in the best interests of the child. As such, Doe has failed to show that the magistrate court erred in finding that terminating his parental rights is in the child's best interests.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's determinations that termination of Doe's parental rights is in the best interests of the child. Doe has, therefore, failed to show error in the magistrate court's decision to terminate his parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.