# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52443

<table>
<tr><td>

In the Matter of: John Doe I and John
Doe II, Children Under Eighteen (18)
Years of Age.

STATE OF IDAHO, DEPARTMENT OF
HEALTH AND WELFARE,

     Petitioner-Respondent,

v.

JANE DOE (2024-50),

     Respondent-Appellant.

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

Filed: March 14, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

</td></tr>
</table>

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Eric D. Fredericksen, State Public Defender; Joshua M. Wickard, Deputy Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Peter A. Mommer, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Jane Doe appeals from the magistrate court's judgment terminating her parental rights to her children, John Doe I and John Doe II (Children).[1] Doe argues the magistrate court erred in finding that it is in Children's best interests to terminate Doe's parental rights. The magistrate court's judgment terminating Doe's parental rights is affirmed.

---

[1]     Children's biological father's parental rights were terminated in Docket No. 52517. The parental rights of the father are not at issue in this case.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the biological mother of Children. In August 2022, John Doe I was placed in foster care when he was approximately two weeks old. In lieu of an adjudicatory hearing, Doe stipulated to the magistrate court having jurisdiction over John Doe I, and the magistrate court later awarded legal custody of John Doe I to the Idaho Department of Health and Welfare (Department) and approved a case plan for Doe to complete to reunify with John Doe I. In August 2023, the magistrate court held a permanency hearing regarding John Doe I and approved termination of parental rights and adoption as the permanency goal. In October 2023, the State filed a petition to terminate the parent-child relationship as to John Doe I.

Approximately two weeks later, John Doe II was born and subsequently placed in foster care shortly after birth. The Department opened a separate Child Protection Act (CPA) case for John Doe II. The magistrate court held a case plan hearing regarding John Doe II, awarded legal custody of John Doe II to the Department, and approved another case plan for Doe related to John Doe II.

In February 2024, the magistrate court held a six-month review hearing regarding the termination of parental rights trial scheduled for John Doe I. Based on Doe's performance, the magistrate court amended the permanency goal regarding John Doe I to that of continued efforts towards reunification, reinstated the Department's obligation to make reasonable efforts toward reunification between John Doe I and Doe, and vacated the termination of parental rights trial vis-a-vis John Doe I. The magistrate court also granted the consolidation of John Doe I's case with John Doe II's case.

In June 2024, the State filed a motion to amend the permanency goal for Children to termination of parental rights and subsequent adoption, which the magistrate court granted. The magistrate court held a trial on the termination of Doe's parental rights as to Children, where Department employees, foster parents, Doe, and father testified. The magistrate court subsequently issued its findings of fact, conclusions of law and decree terminating parental rights. The magistrate court determined that Doe neglected Children and it is in the best interests of Children to have Doe's parental rights terminated. Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

On appeal, Doe does not challenge the magistrate court's finding that she neglected Children. Doe only argues that the magistrate court erred in finding that it is in Children's best interests to terminate Doe's parental rights. The State argues that Doe has waived all assignments of error by failing to make specific arguments about how the magistrate court erred. Alternatively, the State argues that the magistrate court did not err in finding that termination of Doe's parental rights is in Children's best interests.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare*

3

*v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012). Because Doe does not challenge the magistrate court's finding that Doe neglected Children, we need only address whether termination of Doe's parental rights is in the best interests of Children.

In finding that it is in Children's best interests to have Doe's parental rights terminated, the magistrate court held that it is in Children's best interests to be raised in a safe and stable home with sober, consistent caregivers. The magistrate court found that Doe was unsuccessfully battling her addiction to methamphetamine and marijuana, was unable to obtain safe and stable housing, had been in and out of custody over the past twenty-six months, and remained incarcerated with a possibility of up to six years in prison. Ultimately, the magistrate court stated it had no confidence that Doe would make different choices in the future, so it declined to give Doe more time to meet Children's needs.

Doe argues that the magistrate court's findings are not supported by substantial and competent evidence; however, Doe fails to challenge any of the magistrate court's findings or articulate why those findings did not justify terminating her parental rights. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). The Court, however, may address certain narrow issues involving due process violations despite the absence of supporting, cogent argument or citation to legal authority. *Idaho Dep't of Health & Welfare v. Doe (2017-32)*, 163 Idaho 536, 538, 415 P.3d 945, 947 (2018); *State v. Doe*, 144 Idaho 534, 536, 164 P.3d 814, 816 (2007).

Nonetheless, the magistrate court's findings are supported by substantial and competent evidence. Regarding the finding that Doe was unsuccessfully battling her addiction to methamphetamine and marijuana, Doe testified at trial that she had an affinity to marijuana. Doe testified that she was aware that she tested positive several times for different substances throughout the case. Doe testified her substance abuse addiction began when she was a teenager and has continued to be an issue for her. Doe testified that she put herself into a substance use treatment program because she believed she had a problem. Regarding her incarceration and housing status, Doe testified that she was currently incarcerated with the possibility of serving an aggregate term of seven years. Concerning her housing situation, Doe testified that she had been

evicted from her home. The magistrate court's findings are supported by substantial and competent evidence.

Next, Doe argues that the magistrate court failed to consider the significant bond between Doe and Children in its best interests analysis. Doe cites the magistrate court's finding that Doe "is nurturing, brings age-appropriate food and plays with both the children" and "[n]o one involved in this case questions that [Doe] loves her children, and they love her in return." Contrary to Doe's claim, the magistrate court noted that Doe herself testified that "love is not enough." The magistrate court agreed that "love and affection alone does not provide a stable house with a sober parent who is able to meet a child's basic mental, physical, educational and emotional needs." Consequently, the magistrate court did not fail to consider relevant evidence and did not err in concluding it is in the best interests of Children to terminate Doe's parental rights.

## IV.
## CONCLUSION

The magistrate court did not err in finding that termination of Doe's parental rights is in Children's best interests because its findings are supported by substantial and competent evidence. Therefore, the judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.