**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52961**

| | | |
|---|---|---|
| In the Matter of:  John Doe I, A Child Under Eighteen (18) Years of Age. | ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) ) | Filed:  December 19, 2025 |
| | ) | **Melanie Gagnepain, Clerk** |
| Petitioner-Respondent, | ) ) | |
| v. | ) ) ) | **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| JOHN DOE (2025-16), | ) ) | |
| Respondent-Appellant. | ) ) | |

Appeal from the Magistrate Division of the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Tristan Poorman, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Douglas A. Pierce, Coeur d'Alene, for appellant.

Hon. Raúl R. Labrador, Attorney General; Jennifer Fegert, Deputy Attorney General, Coeur d'Alene, for respondent.

---

TRIBE, Judge

John Doe (2025-16) appeals from the judgment terminating his parental rights.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the father of John Doe I (Child).  The Idaho Department of Health and Welfare initiated a child protection action against Doe.  Law enforcement declared Child in imminent danger after his primary caregivers passed away and he was living with their son, a non-approved

1

caregiver, who did not have legal custody.[1]  Reported concerns were that Child was exposed to illegal drugs and living in an unsafe situation, mother was homeless and involved in substance use, and Doe was incarcerated.  After removal, a hair follicle test was conducted on Child, which tested positive for methamphetamine.

Doe stipulated to granting custody of Child to the Idaho Department of Health and Welfare.  The magistrate court ordered a case plan for Doe to complete to reunify with Child.  After Doe was released on parole, paternity was established for Child, and Doe worked on his case plan.  Doe was subsequently arrested for possession of a controlled substance and has been in custody since August 2024.  Based on Doe's arrest, the Department moved to change the permanency goal from reunification to termination of Doe's parental rights.  The Department filed a petition to terminate Doe's parental rights, and the magistrate court held a termination hearing.  After the hearing, the magistrate court entered its findings of fact and conclusions of law and entered a judgment terminating Doe's parental rights, finding that he abandoned and neglected Child and that termination of Doe's parental rights is in the best interests of Child.  Doe appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child.  *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002).  This interest is protected by the Fourteenth Amendment to the United States Constitution.  *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007).  Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved.  Idaho Code § 16-2001(2).  Therefore, the requisites of due process must be met when terminating the parent-child relationship.  *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006).  Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence.  *Id*.  Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing

---

[1]     Child was raised by his fictive grandparents beginning when he was six months old.  However, his fictive grandmother and grandfather passed away, leaving Child in the care of their son.

evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

### III.

### ANALYSIS

The magistrate court found that Doe both abandoned and neglected Child. However, Doe only challenges the magistrate court's finding of neglect. Because Doe does not challenge the magistrate court's finding of abandonment as a statutory basis to terminate his parental rights, the magistrate court did not err in finding a statutory basis upon which to terminate Doe's parental rights. However, even if we consider Doe's arguments, the statutory basis of abandonment would

3

remain as an independent basis upon which termination may be granted. Because Doe does not challenge the issue of abandonment, we will not address it on appeal.

## A.    Neglect

Doe argues that the magistrate court erred in its substantive finding that he neglected Child. Doe asserts that he had a relationship with Child for his entire life, Doe did what he could, and he "was always appropriate, even during his times of incarceration. His visits were regular, and his conduct was proper." Further, Doe states he was "working his case plan with success" and progressed on all twelve of the tasks from March to June 2024.[2] Doe fails to support his assertion with meaningful argument or citation to relevant legal authority. Doe's analysis section does not include any specific findings of the magistrate court that were unsupported, nor does his analysis include argument as to how the facts do not support the finding; therefore, his argument is waived. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). The Court, however, may address certain narrow issues involving due process violations despite the absence of supporting, cogent argument or citation to legal authority. *Idaho Dep't of Health & Welfare v. Doe (2017-32)*, 163 Idaho 536, 538, 415 P.3d 945, 947 (2018); *State v. Doe*, 144 Idaho 534, 536, 164 P.3d 814, 816 (2007). For example, the Idaho Supreme Court has previously addressed due process errors affecting parents' fundamental rights, including procedural errors and the application of an incorrect standard of review. *Doe (2017-32)*, 163 Idaho at 538, 415 P.3d at 947 (addressing procedural error); *Doe*, 144 Idaho at 536, 164 P.3d at 816 (addressing application of incorrect standard).

Even if we consider the merits of Doe's claim that there was insufficient evidence to support a finding of neglect, Doe has failed to meet his burden of showing error. Idaho Code

---

[2]    In his reply brief, Doe includes a quote from *Idaho Dep't of Health & Welfare v. Doe (2010-28)*, 151 Idaho 605, 261 P.3d 882 (Ct. App. 2011), to support his position that this Court should consider that he could be released from incarceration soon. However, this quote is in a section titled "Incarceration" where this Court analyzed the statutory basis for whether Doe "has been incarcerated and is likely to remain incarcerated for a substantial period" of the child's life. *See id.* at 608, 261 P.3d at 885. Here, Doe's rights were terminated on a different statutory basis--neglect.

Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen[3] of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

The magistrate court found, and Doe does not contest, that he has been incarcerated for six out of the eight years of Child's life. The magistrate court heard testimony that Child never lived with Doe at any time during Child's life. The magistrate court considered that, while Doe was doing "adequately, if not well" on his case plan, it also heard evidence at trial that, while he was on parole, he was arrested for possession of methamphetamine. Notably, the first two tasks of Doe's case plan related to him abstaining from substance abuse; however, he testified that sometimes his addiction "gets the better of [him] at some points." The magistrate court also heard testimony that, while Doe has been incarcerated, most of his relationship with Child has consisted of video visits and phone calls. Doe testified that he and Child were starting to create a bond, but Doe became incarcerated and that "it probably hurt [Child]." Doe testified that, while he was going to be eligible for parole soon, there was no guarantee he will be released. Finally, Doe testified that he has not had the "opportunity to be a real dad to [Child]." Substantial and competent evidence supports the magistrate court's finding that Doe has neglected Child, as defined in I.C. § 16-1602(31), by failing to comply with the case plan and reunification had not occurred within the time standards of I.C. § 16-2002(3)(b).

## B.    Best Interests

Doe argues that the magistrate court erred in finding that termination of his parental rights is in the best interests of Child. However, Doe fails to present meaningful argument and authority.

---

[3]    At the time the State filed the petition to terminate parental rights, the statutory timeframe under I.C. § 16-2002(3)(b) was fifteen out of the most recent twenty-two months. Subsequently, the statute was amended to twelve out of the most recent twenty-two months.

5

Therefore, this argument is also waived. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Doe (2018-24)*, 164 Idaho at 147, 426 P.3d at 1247. The Court, however, may address certain narrow issues involving due process violations despite the absence of supporting, cogent argument or citation to legal authority. *Doe (2017-32)*, 163 Idaho at 538, 415 P.3d at 947; *Doe*, 144 Idaho at 536, 164 P.3d at 816. Even if we review the merits of Doe's argument, Doe fails to establish any error.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Doe argues that the evidence presented at trial showed "that severing the parent-child relationship" was not necessary because Child "knows that Doe is his father, and they had a lifelong relationship. . . . Doe and [Child] had a unique, if not a normal parent-child relationship, and engaged in typical parent-child activities together during the visits." However, this Court has found termination is in the best interests of a child when the parent had "a long history of drug addiction and criminal convictions" even when that parent "made efforts to maintain his parental relationship . . . through frequent visits" but failed to provide the child with "the type of day-to-day support normally associated with parenting." *Idaho Dep't of Health & Welfare v. Doe (2010-28)*, 151 Idaho 605, 611, 261 P.3d 882, 888 (Ct. App. 2011).

The magistrate court found that, although Doe appears to desire a relationship with Child, Doe failed to establish paternity until the child protection action commenced and has failed to "be

6

there for" Child for many years. Further, the magistrate court noted that, while working on the case plan, Doe chose methamphetamine over reunification with Child, which resulted in Doe's latest imprisonment. Further, even when Doe was not incarcerated, he allowed Child to be raised by others. The magistrate court heard evidence that Child began exhibiting behaviors connected to his self-worth, vocalized anger toward Doe, and stopped participating in activities in which Child usually wanted to participate. Child's therapist recommended that Doe no longer have visitation with Child. Furthermore, the magistrate court found that Child is doing well residing with his foster parents.

Doe does not challenge any of these factual findings but argues that the magistrate court incorrectly concluded that termination is in the best interests of Child. The magistrate court considered both the history of Doe's lack of involvement with Child, Doe's failure to complete the case plan, and Child's improvements in foster care. The magistrate court found the foster parents were caring and positive and that Child deserved care, consistency and stability, which Doe could not provide. The magistrate court further found that Child deserved to have "caregivers who he can rely on to be there for him, to care for him, and to help him grow as he enters a very critical stage in his life." Substantial and competent evidence supports this finding. Doe has failed to show the magistrate court erred in finding that it is in Child's best interests to terminate Doe's parental rights.

## IV.
## CONCLUSION

Doe failed to challenge the magistrate court's finding that he abandoned Child, thus, we affirm the magistrate court's finding that there is a statutory basis for terminating Doe's parental rights. Doe has failed to show that the magistrate court erred in finding he neglected Child. Doe has also failed to show that the magistrate court erred in finding that it is in Child's best interests to terminate Doe's parental rights. The magistrate court's judgment terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.