**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 53143**

| | | |
|---|---|---|
| In the Interest of: John Doe I and John Doe II, Children Under Eighteen (18) Years of Age. | ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) | **Filed: May 4, 2026** |
| | ) | **Melanie Gagnepain, Clerk** |
| Petitioner-Respondent, | ) ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| v. | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| JOHN DOE (2025-34), | ) ) | |
| Respondent-Appellant. | ) ) | |
| | ) | |

Appeal from the Magistrate Division of the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Anson L. Call II, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Robert O. Eldredge, Pocatello, for appellant.

Hon. Raúl R. Labrador, Attorney General; Jason R. Chandler, Deputy Attorney General, Pocatello, for respondent.

_____

TRIBE, Chief Judge

John Doe (2025-34) appeals from the judgment terminating his parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the father of two children (Children) born in 2022 and 2023.[1] This case arose after Doe, Children's mother, and Children moved multiple times and ultimately became homeless. In part, the homelessness resulted from domestic violence between Doe and Children's mother.

_____

[1] Doe has a history of Idaho Department of Health and Welfare involvement, including twenty-two intakes, sixteen assessments, and two open case management cases that resulted in the removal and termination of his parental rights to three of his four other children in 2008.

1

In December 2023 and January 2024, the Idaho Department of Health and Welfare (Department) received referrals raising concerns that Children were homeless and that Doe and Children's mother were constantly fighting. The Department recommended temporary shelter care, and the State filed a motion to remove Children.

The magistrate court placed Children in the Department's legal custody. The magistrate court ordered Doe to complete a case plan to reunify with Children. While in foster care, Children received medical care and a stable home environment. The magistrate court conducted several review and status hearings while Children were in the Department's custody. The Department filed a petition to terminate Doe's parental rights, and the magistrate court held a termination trial. After the trial, the magistrate court entered its findings of fact and conclusions of law and the judgment terminating Doe's parental rights, finding that Doe neglected Children and that termination of Doe's parental rights is in the best interests of Children. Doe appeals.[2]

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. Idaho Code § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of*

---

[2] The magistrate court also terminated the parental rights of Children's mother. The decision to terminate her parental rights is at issue in a separate appeal.

2

*Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

Doe raises two arguments on appeal. First, Doe argues the magistrate court erred in finding that he neglected Children under I.C. § 16-1602(31). Specifically, Doe contends that he completed his case plan and remedied the issues that led to Children's removal. Second, Doe argues that the magistrate court erred in determining that termination of his parental rights is in Children's best interests. For the reasons set forth below, we affirm the judgment terminating Doe's parental rights.

3

## A. Neglect

Doe argues that the magistrate court erred in finding there was sufficient evidence he neglected Children. Although Doe asserts that he completed his case plan and remedied the issues that led to Children's removal, he fails to support this assertion with meaningful argument or authority. Doe does not identify any specific factual findings that were unsupported by the evidence, nor does he explain how the facts fail to support the magistrate court's neglect determination. Instead, Doe references the testimony of each witness and then concludes that the "parents completed all of their case plan requirements." This essentially asks this Court to reweigh the evidence, which we do not do. *See In the Int. of Doe Children*, 163 Idaho 367, 376, 413 P.3d 767, 776 (2018) (reiterating that appellate courts do not reweigh evidence but defer to the trial court's unique ability to make factual findings).

Additionally, this Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). The Court, however, may address certain narrow issues involving due process violations despite the absence of supporting, cogent argument or citation to legal authority. *Idaho Dep't of Health & Welfare v. Doe (2017-32)*, 163 Idaho 536, 538, 415 P.3d 945, 947 (2018); *State v. Doe*, 144 Idaho 534, 536, 164 P.3d 814, 816 (2007). For example, the Idaho Supreme Court has previously addressed due process errors affecting parents' fundamental rights, including procedural errors and the application of an incorrect standard of review. *Doe (2017-32)*, 163 Idaho at 538, 415 P.3d at 947 (addressing procedural error); *Doe*, 144 Idaho at 536, 164 P.3d at 816 (addressing application of incorrect standard).

Even if we consider the merits of Doe's claim that there was insufficient evidence to support a finding of neglect, Doe has failed to meet his burden of showing error. Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the

4

Department has had temporary or legal custody of the child for fifteen[3] of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

The record shows, and Doe does not contest, that Children were removed due to homelessness. Although Doe later secured housing, the magistrate court found that Doe would not maintain housing if Children were returned to his custody. The magistrate court also heard testimony that Doe resisted efforts to maintain appropriate housing and expressed a desire to remain homeless because "that's how [he and Children's mother] intend to live." Doe failed to comply with other portions of his case plan, such as his continued refusal to participate in drug testing. Finally, Doe also refused to modify his parenting as required and "continue[d] to act aggressively toward those trying to help him improve his parenting," including toward Children's mother. Accordingly, substantial and competent evidence supports the magistrate court's finding that Doe neglected Children (as defined in I.C. § 16-1602(31)), by failing to comply with the case plan, that the Children had been in the Department's custody for over fifteen months, and that reunification had not occurred within the time standards of I.C. § 16-2002(3)(b).

## B.    Best Interests

Doe argues the magistrate court erred in finding that termination of his parental rights is in the best interests of Children. Doe fails to support this assertion with meaningful argument or authority. Doe does not identify any specific factual findings that were unsupported by the evidence, nor does he explain how the facts fail to support the magistrate court's best interests determination. As noted, this Court generally does not address issues not supported by cogent argument and citation to legal authority. *See Doe (2018-24)*, 164 Idaho at 147, 426 P.3d at 1247. Even if we review the merits of Doe's argument, Doe fails to establish any error.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When

---

[3]     At the time the Department filed the petition to terminate parental rights, the statutory time frame under I.C. § 16-2002(3)(b) was fifteen out of the most recent twenty-two months. Subsequently, the statute was amended to twelve out of the most recent twenty-two months.

determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that Doe made some changes, but the magistrate court expressed concern that those changes would only last until he regained custody of Children. The magistrate court also identified ongoing safety and stability concerns for Children despite Doe's changes. The magistrate court further found that Doe continued to act aggressively toward those attempting to help him and toward Children's mother. Doe did not consistently engage in services or complete his case plan, limiting his ability to provide Children with permanency and stability. The magistrate court also considered testimony that Children frequently experienced emotional and behavioral difficulties after visitation with Doe. The magistrate court additionally found that Children are thriving in foster care, have stability, and receive the care they require. As stated above, evidence of improvement in foster care may support a finding that termination is in the children's best interests. *Doe (2013-15)*, 156 Idaho at 111, 320 P.3d at 1270.

As with his argument regarding neglect, Doe asks this Court to reweigh the evidence, which we decline to do. Doe does not challenge any of these factual findings but argues the magistrate court incorrectly concluded that termination is in the best interests of Children. The magistrate court considered Doe's failure to complete the case plan and Children's improvements in foster care. Given Doe's inconsistent engagement and inability to provide long-term stability, substantial and competent evidence supports this finding. Doe has failed to show the magistrate court erred in finding that it is in Children's best interests to terminate Doe's parental rights.

**IV.**

**CONCLUSION**

Doe has failed to show that the magistrate court erred in finding he neglected Children. Doe has also failed to show that the magistrate court erred in finding that it is in Children's best interests to terminate Doe's parental rights. The judgment terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.